UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

                              Case No. 2:16-cr-12

      v.                     CHIEF JUDGE EDMUND A. SARGUS, JR.

TESHAWN RODNEY WHITSON,

      Defendant.

## OPINION AND ORDER

This matter is before the Court as a continuation of Defendant Teshawn Rodney Whitson's motions [ECF Nos. 41, 45] for the pre-hearing production of documents maintained by the Court's Pretrial Services department. The Court conducted an *in camera* review of the requested documents. Below, the Court identifies the documents produced by Pretrial Services and indicates which of those documents Defendant may receive in response to his subpoena.

Taking a step back from the specific circumstances of this case, and in a preemptive effort to guide the parties and attorneys who appear in this Court, the Court uses this Opinion and Order as an opportunity to outline the procedures applicable to two types of requests that defendants are making with increased frequency: (1) requests for the testimony of probation officers, or the production of documents in the custody or control of such judicial personnel, in legal proceedings and (2) requests for the disclosure of pretrial services information.

## I.   *IN CAMERA* REVIEW

In its August 30, 2016 Opinion and Order [ECF No. 49], the Court granted in part and denied in part Defendant's motions [ECF Nos. 41, 45] for the pre-hearing production of documents maintained by the Court's Pretrial Services department. The Court determined that it

would review *in camera* the documents requested in Defendant's subpoena. As the Court

explained, Defendant should not receive "documents containing information that the Court will

not rely upon at sentencing. Nor should Defendant receive information that relates to other

individuals and would implicate a promise of confidentiality, risk harm to a third party, or impair

the regulation's objective of confidentiality." (Aug. 30, 2016 Op. & Order at 6.)

Defendant asked Pretrial Services for

1. Any and all evidence you relied upon when preparing any bond violation reports or any related correspondence submitted to the Court.

2. All documents regarding drug or alcohol screens. This includes correspondence between you and any laboratory facility, any initial drug screens, or lab results.

3. A copy of the methods and/or procedures that your office uses internally when conducting drug or alcohol tests.

4. A copy of the methods and/or procedures followed by any laboratory that analyzed or tested samples or specimens from Mr. Whitson.

5. All documents regarding the alleged "unauthorized leaves" referred [to] in the Bond Violation Reports.

6. All location monitoring records.

7. A copy of the methods and/or procedures employed by BI and any other location monitoring company performing services on your behalf.

8. Copies of all documents Mr. Whitson provided to you.

9. Copies of all mental health records in your possession. This includes attendance records and correspondence submitted to you from providers.

10. Copies of all records obtained or prepared by you when attempting to verify whether Mr. Whitson was in compliance with the terms of his release conditions.

(Subpoena Attach. A at PageID 94 [ECF No. 45-2].) In response to Defendant's subpoena, and

the Court's August 30 Opinion and Order, Pretrial Services produced to the Court five sets of

documents: (1) Defendant's location monitoring records, (2) Defendant's drug testing results, (3) documents relating to Alere Toxicology Services, Inc., including Alere's contract with the government, (4) documents and pictures that Defendant provided to Pretrial Services, and (5) Defendant's bond violation report.

After conducting its *in camera* review, the Court concludes that Defendant should receive all of the documents listed above except the bond violation report. The bond violation report contains information that relates to other individuals—notably, Defendant's Pretrial Services officer. And disclosure of the report would implicate a promise of confidentiality—the confidentiality between Pretrial Services and the entities that work with Pretrial Services.

Defense counsel may retrieve the responsive documents, less the bond violation report, from the chambers of the undersigned.

Moving beyond the circumstances of Defendant's immediate motions, the Court takes this opportunity to outline the procedures applicable to (1) requests for the testimony of probation officers, or the production of documents in the custody or control of such personnel, in legal proceedings and (2) requests for the disclosure of pretrial services information. The Court will discuss each procedure in turn.

## II.  TESTIMONY AND RECORD PRODUCTION IN LEGAL PROCEEDINGS

The Director of the Administrative Office of the United States Courts has promulgated regulations establishing procedures for the production or disclosure of documents and the testimony of judicial personnel in legal proceedings. Those procedures, outlined in Volume 20, Chapter 8 of the *Guide to Judiciary Policy* (the "*Guide*"), have been adopted by this Court in its local criminal rules. *See* S.D. Ohio Crim. R. 32.3(b).[1] Attorneys and parties appearing before the

---

[1] The full text of Volume 20, Chapter 8 is available at the following link:
https://www.google.com/url?sa=t&rct=j&q=&esrc=s&source=web&cd=1&ved=0ahUKEwjy2Y3v4sPPA

Court should familiarize themselves with the provisions of Volume 20, Chapter 8 of the *Guide*.

The Court only highlights the most relevant of those provisions here.

**A.    Definitions**

Under Volume 20, Chapter 8 of the *Guide*, "Judicial Personnel" are

[a]ll present and former officers and employees of the federal judiciary and any other individuals who are or have been appointed by, or subject to the supervision, jurisdiction, or control of, the federal judiciary, including individuals hired through contractual agreements by or on behalf of the federal judiciary, or performing services under such agreements for the federal judiciary, such as consultants, contractors, subcontractors, and their employees and personnel. This phrase also includes alternative dispute resolution neutrals or mediators, special masters, individuals who have served and are serving on any advisory committee or in any advisory capacity, and any similar personnel performing services for the federal judiciary.

*Guide to Judiciary Policy*, vol. 20, ch. 8, § 810.30. Under this broad definition, both pretrial and

probation officers are judicial personnel. "Testimony" is defined as

[a]ny written or oral statement in any form by a witness arising out of the performance of the witness' official duties, including personal appearances and statements in court or at a hearing or trial, depositions, answers to interrogatories, affidavits, declarations, interviews, telephonic, televised, or videotaped remarks, or any other response during discovery or similar proceedings that would involve more than production of documents.

*Id.* "Information or Records" is

[a]ll information, records, documents, or materials of any kind, however stored, that are in the custody or control of the federal judiciary or were acquired by federal judicial personnel in the performance of their official duties or because of their official status.

*Id.* And "Legal Proceedings" are

[a]ll pretrial, trial, and post-trial stages of all existing or anticipated judicial or administrative actions, hearings, investigations, cases, controversies, or similar proceedings, including grand jury proceedings, before courts, agencies, commissions, boards or other tribunals, foreign and domestic, or all legislative

---

hXEQSYKHX_jAvgQFggcMAA&url=https%3A%2F%2Fwww.id.uscourts.gov%2FContent_Fetcher%2
Findex.cfml%2FGuide_to_Judiciary_Policy_Volume_20_Chapter_8_203.pdf%3FContent_ID%3D203&
usg=AFQjCNHe6IMK1x_qS2xphm_lj3QvNBEAqg&bvm=bv.134495766,d.eWE&cad=rja.

proceedings pending before any state or local body or agency, other than those specified in § 810.40(b).

*Id.*

## B.      Procedures

Federal judicial personnel may not provide testimony or produce records in legal proceedings except as authorized in accordance with the regulations set forth in Volume 20, Chapter 8 of the *Guide. Guide to Judiciary Policy*, vol. 20, ch. 8, § 820(a); *see also In re Morning Song Bird Food Litig.*, 119 F. Supp. 3d 793, 799 (S.D. Ohio 2015) (restating the *Guide*'s general prohibition on testimony and record production in legal proceedings).[2]

### 1.      The Request

A request for testimony or production of records from judicial personnel "must set forth, or must be accompanied by an affidavit setting forth, a written statement by the party seeking the testimony or production of records, or by counsel for the party." *Guide to Judiciary Policy*, vol. 20, ch. 8, § 830(a). The statement or affidavit must contain "an explanation of the nature of the testimony or records sought, the relevance of the testimony or records sought to the legal proceedings, and the reasons why the testimony or records sought, or the information contained therein, are not readily available from other sources or by other means." *Id.* "This explanation must contain sufficient information for the determining officer [as identified below] to determine whether or not federal judicial personnel should be allowed to testify or the records should be produced." *Id.* If the request lacks a sufficient explanation, the determining officer may deny the request or ask that the requester provide additional information. *Id.*

---

[2] Among other exceptions, the provisions outlined in Volume 20, Chapter 8 of the *Guide* do not apply to "[r]equests by members of the public, when properly made through the procedures established by a court for that purpose, for records or documents, such as court files or dockets, routinely made available to members of the public for inspection or copying." *Guide to Judiciary Policy*, vol. 20, ch. 8, § 810.40(b)(7).

A request for testimony, including the written statement described above, "must be provided to the federal judicial personnel from whom testimony or production of records is sought at least 15 working days in advance of the time by which the testimony or production of records is to be required." *Id.* § 830(b).

### 2.    The Determining Officer

Judicial personnel may not provide testimony or produce records in legal proceedings without the prior approval of a "determining officer." *Guide to Judiciary Policy*, vol. 20, ch. 8, § 840(a). The determining officer varies depending on the request.

Regarding a request directed to a district court judge, magistrate judge, or a current or former member of the judge's personal staff, the determining officer is the district court judge or magistrate judge. *Id.* § 840(b)(1).

As to requests directed to an employee or former employee of a court office—such as the Clerk's office, the Probation office, or the Pretrial Services office—the determining officer is the unit head of the particular office—such as the Clerk of Court, the Chief Probation Officer, or the Chief Pretrial Services Officer. *Id.* § 840(b)(3). If a request is directed to a court office, the determining officer shall consult with the Chief District Judge regarding the proper response to the request. *Id.*; *see also* S.D. Ohio Crim. R. 32.3(c). If the request relates to Pretrial Services, the Chief District Judge may refer the matter to the district judge or magistrate judge responsible for the pretrial handling of the case. S.D. Ohio Crim. R. 32.3(c). And if the request relates to the Probation office, the Chief District Judge may refer the matter to the district judge or magistrate judge who imposed the sentence. *Id.*

### 3.    The Response

"In response to a request for testimony or the production of records by federal judicial

6

personnel in legal proceedings . . ., the determining officer may determine" whether and how the judicial personnel may respond. *Guide to Judiciary Policy*, vol. 20, ch. 8, § 850(a).

The determining officer may deny a request if the request does not meet any requirement imposed by Volume 20, Chapter 8 of the *Guide*. *Id.* Moreover, when determining whether to authorize the production of judicial records or the testimony of judicial personnel in legal proceedings, "the determining officer will consider, based on the . . . factors [listed below], the effect of the particular case, as well as in future cases generally, which testifying or producing records will have on the ability of the federal judiciary or federal judicial personnel to perform their official duties." *Id.* The determining officer should consider:

(1) The need to avoid spending the resources of the United States for private purposes, to conserve the time of federal judicial personnel for the performance of official duties, and to minimize the federal judiciary's involvement in issues unrelated to its mission.

(2) Whether the testimony or production of records would assist the federal judiciary in the performance of official duties.

(3) Whether the testimony or production of records is necessary to prevent the perpetration of fraud or injustice in the case or matter in question.

(4) Whether the request is unduly burdensome or is inappropriate under applicable court or administrative rules.

(5) Whether the testimony or production of records is appropriate or necessary under the rules of procedure governing the case or matter in which the request arises, or under the relevant substantive law of privilege.

(6) Whether the request is within the proper authority of the party making it.

(7) Whether the request meets the requirements of these regulations.

(8) Whether the request was properly served under applicable court, administrative, or other rules.

(9) Whether the testimony or production of records would violate a statute, regulation, or ethical rule.

(10) Whether the testimony or production of records would disclose information regarding the exercise of judicial or quasi-judicial responsibilities by federal judicial personnel in the decisional or deliberative process.

(11) Whether the testimony or production of records would disclose confidential information from or pertaining to a presentence investigation report or pertaining to an individual's probation, parole, or supervised release, or would disclose any other information that is confidential under any applicable statute or regulation.

(12) Whether the testimony or production of records reasonably could be expected to result in the appearance of the federal judiciary favoring one litigant over another, or endorsing or supporting a position advocated by a litigant.

(13) Whether the request seeks testimony, records or documents available from other sources.

(14) Whether the request seeks testimony of federal judicial personnel as expert witnesses.

(15) Whether the request seeks personnel files, records or documents pertaining to a current or former federal judicial officer or employee, and

    (A) the personnel files, records or documents sought by the request may be obtained from the current or former federal judicial officer or employee in question, or

    (B) the personnel files, records or documents sought by the request would be made available to the requester with the written consent of authorization of the current or former federal judicial officer or employee in question.

(16) Any other consideration that the determining officer . . . may consider germane to the decision.

*Id.* If, after considering these factors and the other requirements set forth in Volume 20, Chapter 8 of the *Guide*, the determining officer decides that the judicial personnel should not comply with the request, the judicial personnel should notify the requester of the *Guide*'s procedures and respectfully decline to comply with the request. *Id.* § 850(b).

## III. DISCLOSURE OF PRETRIAL SERVICES INFORMATION

A separate provision of the *Guide to Judiciary Policy* governs the disclosure of "pretrial services information," which the *Guide* defines as

> any information, whether recorded or not, that is obtained or developed by a pretrial services officer in the course of performing pretrial services. Performing pretrial services includes conducting the pretrial services investigation, preparing the pretrial services report, performing any post-release or post-detention investigation, or supervising a defendant released pursuant to chapter 207 of title 18, United States Code. Pretrial services information does not include information appearing in the public records of the court.

*Guide to Judiciary Policy*, vol. 8, pt. A, app. 5A, ¶ 2A. The *Guide*, in turn, defines a "pretrial services officer" as "any United States Probation or Pretrial Services Officer performing pretrial services." *Id.* ¶ 2B. And the *Guide* defines "disclosure" as "a written or oral communication of pretrial services information, the release of pretrial services information, or the affirmative verification of another person's communication of pretrial services information." *Id.* ¶ 2C.

In its August 30, 2016 Opinion and Order [ECF No. 49], the Court outlined the circumstances in which a party may obtain pretrial services information. The Court reiterates those circumstances here.

### A. General Rule of Confidentiality

Under 18 U.S.C. § 3153(c)(1), "[e]xcept as provided in paragraph (2) of this subsection, information obtained in the course of performing pretrial services functions in relation to a particular accused shall be used only for the purposes of a bail determination and shall otherwise be confidential." *See also* S.D. Ohio Crim. R. 32.3(a) ("Pretrial Services Officers are officers of the Court. Their confidential records and files are confidential records of the Court, and the information they acquire in performing their duties must be kept confidential."). Paragraph (2) lists several exceptions to the general confidentiality of information obtained by Pretrial

9

Services. 18 U.S.C. § 3153(c)(2). Under paragraph (2), pretrial services information may be accessed

> (A) by qualified persons for purposes of research related to the administration of criminal justice; (B) by persons under contract under section 3154(4) of this title; (C) by probation officers for the purpose of compiling presentence reports; (D) insofar as such information is a pretrial diversion report, to the attorney for the accused and the attorney for the Government; and (E) in certain limited cases, to law enforcement agencies for law enforcement purposes.

*Id.* Paragraph (2) also provides for the issuance of "regulations establishing the policy for release of information made confidential by paragraph (1)." *Id.*

The regulations authorized in paragraph (2) of § 3153(c) are promulgated in the *Guide to Judiciary Policy*, Volume 8, Part A, Appendix 5A.[3] The *Guide* begins by outlining why pretrial services information should generally remain confidential: "Confidentiality of pretrial services information is preserved primarily to promote a candid and truthful relationship between the defendant and the pretrial services officer in order to obtain the most complete and accurate information possible for the judicial officer. H. Conf. Rep. 97-792, 97th Cong., 2d Sess. 8." *Guide to Judiciary Policy*, vol. 8, pt. A, app. 5A, ¶ 1C. "Disclosure of pretrial services information for purposes other than for the determination of pretrial release, particularly for prosecution purposes, would deter defendants from cooperation with pretrial services officers and deprive the court of necessary information." *Id.*

**B.     Circumstances Permitting Disclosure**

Regarding the disclosure of pretrial services information, the *Guide* explains: "Unless authorized by these regulations or ordered by the judicial officer for good cause shown, a pretrial services officer shall not disclose pretrial services information." *Guide to Judiciary Policy*, vol.

---

[3] As with Volume 20, Chapter 8 of the *Guide*, discussed earlier, attorneys and parties appearing before the Court should also familiarize themselves with the provisions of Volume 8, Part A, Appendix 5A of the *Guide*. The Court only highlights the most relevant provisions here.

8, pt. A, app. 5A, ¶ 3A. In determining whether good cause exists for disclosure of pretrial services information, the Court must consider "(1) any promise of confidentiality to the source of the information, (2) any harm that such disclosure might cause to any person, (3) the objective of confidentiality as set out in section 1(C) of these regulations, and (4) the purpose of the disclosure." *Id.* ¶ L.

The Court's local criminal rules, as noted earlier, direct the Chief Pretrial Services Officer to consult with the Chief District Judge about the appropriate response to a subpoena or other judicial process. S.D. Ohio Crim. R. 32.3(c).

The Sixth Circuit has not provided direct guidance as to when a defendant may obtain pretrial services information for good cause under the *Guide*. Other circuits, however, have confronted similar situations and concluded that a district court may need to conduct an *in camera* review to determine the information that the defendant should receive. The Second Circuit, for example, has held that "when a defendant requests that the government disclose pretrial services materials pursuant to its discovery obligations to provide defense counsel with exculpatory and impeachment information in its possession, district judges should review those materials *in camera* and determine whether they contain such information." *United States v. Pena*, 227 F.3d 23, 25–27 (2d Cir. 2000). And the Eighth Circuit, addressing a request for information contained in a presentence investigation report ("PSR"), held that a district court erred in failing to review, *in camera*, the PSRs of cooperating government witnesses for *Brady* and *Giglio* material. *United States v. Garcia*, 562 F.3d 947, 952–53 (8th Cir. 2009).

**C.**    **Subpoenas for Pretrial Services Information**

Subpoenas for pretrial services information may implicate both Volume 20, Chapter 8 of the *Guide* (discussed in Section II, above) and Volume 8, Part A, Appendix 5A of the *Guide*

(discussed here in Section III). A subpoena directed at Pretrial Services is a request for information or records from judicial personnel. *See Guide to Judiciary Policy*, vol. 20, ch. 8, § 810.30. The request would likely be made in a legal proceeding. *See id.* And a subpoena directed at Pretrial Services would clearly involve the disclosure of pretrial services information. *See Guide to Judiciary Policy*, vol. 8, pt. A, app. 5A, ¶ 2A.

Thus, after reviewing the separate provisions applicable here, the Court offers the following synthesis. A subpoena for pretrial services information (for documents, testimony, or both) directed at Pretrial Services or the Probation Department should be accompanied by an affidavit or written statement as required under Volume 20, Chapter 8, § 830(a) of the *Guide*. And, as mandated by § 830(b) of the *Guide*, the subpoena must be provided to Pretrial Services at least 15 working days in advance of the time by which production or testimony under the subpoena is required. Upon receiving a subpoena, the Chief Pretrial Services Officer will consult with the Chief District Judge, who may refer the matter to the district judge or magistrate judge responsible for the pretrial handling of the case. *See* S.D. Ohio Crim. R. 32.3(c). The Chief Pretrial Services Officer and the Chief District Judge (or the judge responsible for the pretrial handling of the case) will then review the request in light of the procedures outlined in Volume 8, Part A, Appendix 5A of the *Guide*. If the subpoena request does not fall within any of the confidentiality exceptions described in that portion of the *Guide*, the Court may, nonetheless, direct Pretrial Services to disclose the requested information if there is good cause for the disclosure. *See Guide to Judiciary Policy*, vol. 8, pt. A, app. 5A, ¶ L.[4]

Based on the specific circumstances of this case, the Court determined that it would review the requested pretrial services information *in camera*. How the Court deals with future

---

[4] The Court holds that no pretrial or probation officer may be called to testify as a witness in the absence of a subpoena issued in accordance with the procedures outlined in this Opinion and Order.

requests for pretrial services information will depend on the relevant circumstances, the Court's

consultation with the Chief Pretrial Services Officer, and the existence of good cause under the

*Guide*.

## IV.   CONCLUSION

For the reasons stated in Section I, above, Defendant shall, in response to his subpoena

for pretrial services information, receive (1) his location monitoring records, (2) his drug testing

results, (3) documents relating to Alere Toxicology Services, Inc., including Alere's contract

with the government, and (4) copies of the documents and pictures that Defendant provided to

Pretrial Services.

The submission deadline for the final PSR in this case is two (2) weeks from the date of

this Opinion and Order. (*See* Oct. 3, 2016 Order at 1 [ECF No. 51].)

**IT IS SO ORDERED.**

_____10-12-2016_____
**DATE**

_____
**EDMUND A. SARGUS, JR.**
**CHIEF UNITED STATES DISTRICT JUDGE**